IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES WIDTFELDT, | ) | 8:11CV367 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA STATE BAR | ) | |
| ASSOCIATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on several Motions to Dismiss (filing nos. 6, 10, 13, 16 and 18) filed by the Defendants in this matter. Also pending is Plaintiff's Objection (filing no. 31) and a Motion to Strike (filing no. 32). For the reasons discussed below, the Motion to Strike is denied and the Motions to Dismiss are granted.

## I. BACKGROUND

Plaintiff James Widtfeldt ("Widtfeldt") filed his Complaint in this matter on October 21, 2011, against attorney George Moyer ("Moyer"), the Nebraska State Bar Association ("NSBA")[1], the State of Nebraska, the Nebraska Medical Association ("NMA"), and several Federal Defendants including, the United States, the United States Estate Tax Division and the United States Center for Communicable Diseases ("CDC"). (Filing No. 1.) Widtfeldt was previously licensed to practice law in Nebraska, but the Nebraska Counsel for Discipline suspended his license indefinitely in 2005. *State ex rel. Counsel for Discipline of Nebraska Supreme Court v. Widtfeldt, 691 N.W.2d 531 (Neb. 2005).*

---

[1] I no longer belong to the Nebraska State Bar Association and I am no longer licensed to practice law in Nebraska. Thus, I have no hesitancy about handling this case.

Condensed and summarized, Widtfeldt's claims relate to the suspension of his licence to practice law, a 2002 Internal Revenue Service ("IRS") settlement and his general dissatisfaction with Lyme disease treatment in Nebraska. (Filing No. 1.) For example, Widtfeldt alleges that (1) Moyer "ineffectively represented him" during his attorney disciplinary proceedings, (2) the Nebraska Supreme Court "intimidates all lawyers away from representing" individuals with Lyme disease, and (3) the CDC is improperly restricting the use of antibiotics to treat Lyme disease. (*Id*.) Widtfeldt seeks an order that (1) restores his license to practice law in Nebraska, (2) dissolves "all U.S. Tax Court orders" related to his 2002 IRS settlement, and (3) lifts CDC restrictions on Lyme disease treatment. (*Id*. at CM/ECF pp. 8-9.) Widtfeldt also seeks "$10 million for the wrongful decision of the Nebraska Supreme Court" and other "orders" related to his suspension from the practice of law. (*Id*. at CM/ECF p. 9.)

On December 13, 2011, Moyer and the NSBA filed Motions to Dismiss. (Filing Nos. 6 and 10.) On December 19, 2011, the State of Nebraska filed a Motion to Dismiss along with a Brief in Support. (Filing Nos. 13 and 14.) Thereafter, the NMA and the Federal Defendants filed Motions to Dismiss. (Filing Nos. 16 and 18.) Widtfeldt filed response to the NSBA's Motion to Dismiss and two documents in response to the Federal Defendants' Motion to Dismiss. (Filing Nos. 15, 20 and 22.) Recently, Widtfeldt filed an additional document labeled "Further Resistance" to the Federal Defendants' Motion to Dismiss. (Filing No. 31.) The Federal Defendants have moved to strike this additional document. (Filing No. 32.) The court will address the Motion to Strike and then turn to Widtfeldt's claims and Defendants' Motions to Dismiss.

## II. ANALYSIS

For a variety of reasons, Defendants are entitled to relief. My explanation follows.

A.   **Motion to Strike**

The Federal Defendants ask the court to strike Widtfeldt's document labeled "Further Resistance" to their Motion to Dismiss because Widtfeldt failed to comply with the court's local rules when he filed it. (Filing No. 32.) Indeed, Widtfeldt failed to request leave to file this document from the court in accordance with NECivR 7.0.1(c). NECivR 7.0.1(c) (providing that a moving party may reply to an opposing brief, however neither party may "file further briefs or evidence without the court's leave"). Nevertheless, motions to strike are viewed with disfavor and infrequently granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). In light of this, and Widtfeldt's pro se status, the court will not strike Widtfeldt's "Further Resistance" to the Federal Defendants' Motion to Dismiss. The Federal Defendants' Motion to Strike is denied.

B.   **Motion to Dismiss Standard**

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

3

### C. Widtfeldt's Claims Against the NSBA and the Nebraska Supreme Court

As discussed above, the Nebraska Counsel for Discipline indefinitely suspended Widtfeldt's license to practice law in *State ex rel. Counsel for Discipline of Nebraska Supreme Court v. Widtfeldt*, 691 N.W.2d 531 (Neb. 2005). Liberally construed, Widtfeldt asks the court to reverse this Nebraska Supreme Court decision and order the NSBA to reinstate his licence to practice law. (Filing No. 1 at CM/ECF pp. 1, 8.) However, the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding. Widtfeldt's claims against the NSBA and the Nebraska Supreme Court must therefore be dismissed.

### D. Widtfeldt's Claims Against the NMA

In its Brief in Support of its Motion to Dismiss, the NMA argues that Widtfeldt's Complaint fails to state a claim against the NMA upon which relief may be granted. (Filing No. 17 at CM/ECF pp. 1-4.) Indeed, Widtfeldt's only allegation against the NMA is that the "NMA is a defendant because of its regulatory authority over Nebraska licensed Medical Doctors, and the inability to change the law in

4

Nebraska, or lack of knowledge of the need for change." (Filing No. 1 at CM/ECF p. 8.) Even under the most liberal construction, this allegation does not permit the court to infer that the NMA deprived Widtfeldt of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Moreover, to the extent that Widtfeldt blames the NMA for his dissatisfaction with Lyme disease treatment in Nebraska, his allegations are insufficient to establish standing. *See Strutton v. Meade*, 668 F.3d 549, 555 (8th Cir. 2012) (concluding that to invoke a court's jurisdiction a plaintiff must establish three elements as a constitutional minimum to have standing: "(1) an injury in fact, meaning the actual or imminent invasion of a concrete and particularized legal interest; (2) a causal connection between the alleged injury and the challenged action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision of the court" (internal quotations omitted).) Accordingly, Widtfeldt's claims against the NMA must be dismissed.

### E. Widtfeldt's Claims Against Nebraska

Like the NMA, the State of Nebraska argues that Widtfeldt's Complaint fails to state a claim against the state upon which relief may be granted. (Filing No. 14 at CM/ECF p. 3.) The court agrees. Widtfeldt states that Nebraska is a Defendant in this matter because the Nebraska Supreme Court, the NSBA and the NMA are agents of Nebraska. (Filing No. 1 at CM/ECF p. 8.) The court has already dismissed Widtfeldt's claims against the Nebraska Supreme Court, the NSBA and the NMA. Thus, to state a claim against Nebraska, Widtfeldt's Complaint must contain factual content that allows the court to draw a reasonable inference that Nebraska is liable for some sort of misconduct. *See Ashcroft*, 129 S. Ct. at 1950. Even under the most liberal construction, Widtfeldt's allegations fail to state a claim against Nebraska.

Moreover, if the court were to provide Widtfeldt with an opportunity to amend his claims against the State of Nebraska, such an amendment would be futile because his claims would be barred by the Eleventh Amendment. The Eleventh Amendment provides states and state agencies with immunity from suit by private citizens. *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003). However, this immunity is not absolute. For example, Congress can abrogate a State's sovereign immunity "in the exercise of its power to enforce the Fourteenth Amendment," and a State may waive its immunity by consenting to suit. *Coll. Savings Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 670 (1999). In addition, state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment under the doctrine set forth in *Ex Parte Young*. 209 U.S. 123 (1908); *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Here, Widtfeldt sues Nebraska for both monetary damages and injunctive relief. (Filing No. 1 at CM/ECF pp. 8-9.) As discussed above, Widtfeldt may not sue a State for monetary relief unless the State waives its immunity or Congress abrogates the State's immunity. The record before the court does not show that Nebraska waived or that Congress abrogated Nebraska's sovereign immunity in this matter. Further, the *Ex Parte Young* doctrine does not extend to states or state agencies and therefore injunctive relief cannot be granted against such entities. *Monroe*, 495 F.3d at 594; *see also Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006), *vacated on other grounds*, 551 U.S. 1142 (2007) (recognizing that only state officials, as opposed to state agencies, can be sued for prospective injunctive relief and dismissing claims against state agency); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978).

**F.     Widtfeldt's Claims Against the Federal Defendants**

Liberally construed, Widtfeldt alleges two claims against the Federal Defendants: (1) the CDC negligently issued guidelines that restrict the use of antibiotics to treat Lyme disease, and (2) the United States Estate Tax Division is

6

improperly trying to assess a tax that he previously paid. (Filing No. 1 at CM/ECF pp. 7-8.) The court will explore each claim in turn.

### 1. Widtfeldt's Claims Against the CDC

First, Widtfeldt asserts that the CDC has issued guidelines regarding the treatment of Lyme disease.[2] (*Id*. at CM/ECF p. 7.) Because Widtfeldt believes that these guidelines improperly restrict the use of antibiotics to treat Lyme disease, he asks the court to issue an order directing the CDC to "lift" the guidelines. (*Id*. at CM/ECF pp. 7-9.)

The United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). By enacting the FTCA, the United States waived its immunity for certain torts committed by its employees acting within the scope of their employment, and vested exclusive jurisdiction over those suits in the United States District Courts. *See* 28 U.S.C. § 1346(b)(1). However, the United States did not waive its immunity to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). A discretionary function "involves an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "The exception, properly construed, protects only governmental actions and decisions based on considerations of public policy." *Id*. at 537. "Where there is room for policy judgment and decision there is discretion." *Id*. (quotation marks omitted).

Although Widtfeldt's allegations are conclusory and devoid of a reference to jurisdiction, the court liberally construes them to allege a negligence claim against the

---

[2]Indeed, the CDC issues guidelines on a wide variety of health matters including the recommended treatment of Lyme disease. *See* 42 U.S.C. § 241(a)(1). (Filing No. 19 at CM/ECF p. 13-14.)

7

CDC for establishing improper guidelines. (Filing No. 1 at CM/ECF pp. 7-9.) However, the United States has not waived its sovereign immunity for this type of decision because it "involves an element of judgment or choice" and is a "governmental action[ ] or decision[ ] based on considerations of public policy." *See* 28 U.S.C. § 2680(a); *Berkovitz*, 486 U.S. at 536. Accordingly, the court lacks subject matter jurisdiction over Widtfeldt's claims against the CDC because they are barred by the United States' sovereign immunity. *See, e.g., Smitherman v. United States*, No. 11-14300, 2012 WL 1071267 (11th Cir. April 2, 2012) (concluding sovereign immunity barred plaintiff's claim that the CDC acted negligently in establishing guidelines regarding sodium fluoride supplements).

### *2.  Widtfeldt's Claims Against the United States Estate Tax Division*

Second, Widtfeldt asserts that the United States Estate Tax Division is improperly trying to assess a tax that he previously paid in 2002. (Filing No. 1 at CM/ECF p. 8.) To the extent that Widtfeldt seeks to enjoin the IRS from assessing taxes, his claim is barred by 26 U.S.C. § 7421(a), the Anti-Injunction Act. This Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *Id*. There is a judicial exception to the Act. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). However, Widtfeldt fails to allege sufficient fact to establish this exception. *See Ponchik v. Comm'r of Internal Revenue*, 854 F.2d 1127, 1130 (8th Cir. 1988) (holding that under the judicial exception to the Anti-Injunction Act, injunctive relief is available only if the taxpayer can demonstrate that "(1) under the most liberal view of the law and the facts available to the government at the time of the suit, it is apparent that the government cannot prevail on the merits; and (2) absent an injunction, irreparable injury will occur for which there is no adequate remedy at law").

Widtfeldt also asks the court to dissolve "all U.S. Tax Court orders" related to his 2002 IRS settlement. (Filing No. 1 at CM/ECF p. 8.) Pursuant to 26 U.S.C. §

7482(a)(1), the United States Courts of Appeals have exclusive jurisdiction to review Tax Court decisions. Because this court lacks subject matter jurisdiction to review Tax Court orders, Widtfeldt's claims related to his 2002 IRS settlement must be dismissed.

### 3. *Service of Process*

Separately, the Federal Defendants argue that Widtfeldt failed to serve the United States Attorney for the District of Nebraska as required by Federal Rule of Civil Procedure 4(i). To properly serve the United States, a party must first "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk." Fed. R. Civ. P. 4(i)(1)(A)(i). The record before the court does not show that Widtfeldt served the Unites States Attorney for the District of Nebraska. (*See* Docket Sheet.) While the court would ordinarily grant Widtfeldt additional time to perfect service of process, doing so in this case would be futile for the reasons discussed above. *See*, *e.g.*, *Gregory v. United States/U.S. Bankr. Court*, 942 F.2d 1498, 1500 (10th Cir. 1991) (approving dismissal without leave to correct defective service of process because "[i]n this case, proper service of process would be futile").

### G. **Widtfeldt's Claims Against Moyer**

Liberally construed, Widtfeldt may also allege a legal malpractice claim against Moyer. (Filing No. 1 at CM/ECF pp. 7-9.) The court declines to exercise supplemental jurisdiction over such a claim because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Widtfeldt's claims against Moyer without prejudice to reassertion in the proper forum.

9

In light of these findings, the court will dismiss Widtfeldt's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The court need not reach Defendants' other arguments for dismissal.

### H. Sanctions

The court recognizes that Widtfeldt has a history of raising claims similar to those raised in this matter. (*See* Case No. 8:08CV65, Filing Nos. 19 and 51 (dismissing, among other things, Widtfeldt's wrongful death, negligence, breach of contract and tax claims); Case No. 8:10CV128, Filing No. 24 (dismissing, among other things, Widtfeldt's wrongful death claims, tax claims, tort claims related to concealing information about tick diseases and allegations regarding the reinstatement of his license to practice law).) The court reminds Widtfeldt that he may not abuse this court's processes. The court warns Widtfeldt that further filing of lawsuits that are frivolous, harassing, or lack a legal basis, may result in sanctions.

IT IS THEREFORE ORDERED that:

1. The Federal Defendants' Motion to Strike (filing no. 32) is denied.

2. Moyer's Motion to Dismiss (filing no. 6), the NSBA's Motion to Dismiss (filing no. 10), the State of Nebraska's Motion to Dismiss (filing no. 13), the NMA's Motion to Dismiss (filing no. 16) and the Federal Defendants' Motion to Dismiss (filing no. 18) are granted.

3. Widtfeldt's Objection (filing no. 31) is denied.

4. Widtfeldt's Complaint is dismissed without prejudice.

5. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 13th day of April, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.